FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

OCT 16 2009

Stephan Harris, Clerk
Cheyenne

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| Plaintiff, | : Civil Action No. 09mC67 |
| v. | : |
| ECC PARTNERS, L.P. | : |
| Defendant. | : |

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

2. Defendant, ECC Partners, L.P. (ECC" or "Fund") is a Delaware limited partnership that maintains its principal place of business in Chevy Chase, MD. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

## Statutory and Regulatory Framework

3. ECC, which then had a different name, was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on August 4, 2000, SBA License No. 03/73-0222, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

4. ECC's general partner is ECC Capital, LLC.

5. ECC's License Application contains an acknowledgement by ECC that it would be operated in accordance with the Regulations and the Act at all times.

6. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

8. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided Leverage to ECC through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $43,165,000, of which $39,485,941, plus $3,972,600.88 in additional funds provided for subsequent investment in existing portfolio concerns, remain outstanding.

9. The Participating Securities referenced in paragraph 8, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. §§107.1820-1850 and §107.507.

10. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as ECC may be forfeited.

11. Section 311 of the Act, 15 U.S.C. §687c, provides that, if a determination is made by SBA that a Licensee such as ECC, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application to the federal district court in the jurisdiction in which the SBIC is located for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in, or is about to engage in, any such acts or practices. The Court is then authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### CAPITAL IMPAIRMENT

12. Paragraphs 1 through 11 above are incorporated herein by reference.

13. Section §107.1830(c) of the Regulations requires that ECC not have a condition of Capital Impairment of greater than 60% (sixty percent) as defined under the Regulations.

14. By letter dated January 19, 2007, ECC was notified that SBA determined that ECC had a condition of Capital Impairment, as ECC's Capital Impairment percentage was greater than the 60% allowed under the Regulations.

3

15. In the letter described in paragraph 14, above, SBA notified ECC that SBA was placing ECC into Restricted Operations, pursuant to 13 C.F.R. § 107.1820(e)(3), and was imposing Restricted Operations Remedies pursuant to 13 C.F.R. § 107.1820(f) in the event ECC did not cure its condition of Capital Impairment within fifteen (15) days of the date of the letter.

16. ECC did not cure its condition of Capital Impairment. Consequently, by letter dated February 4, 2008, ECC was notified that it was being transferred to liquidation status by SBA.

17. To date, ECC has not cured its condition of Capital Impairment and $39,485,941 in Participating Securities Leverage, plus over $3million in additional funds provided for subsequent investment in existing portfolio concerns, remain outstanding.

18. ECC's continuing failure to cure its condition of uncured Capital Impairment is a violation of §107.1830(b) of the Regulations.

19. ECC's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities and nonperformance of its Application for an SBIC License, which is a written agreement with SBA.

20. SBA has determined that ECC is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment, and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

21    As a consequence of ECC's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of ECC.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays as follows:

A.    That injunctive relief, both preliminary and permanent in nature, be granted restraining ECC, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of any assets of the Fund; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any assets of the Fund, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B.    That this Court determine and adjudicate ECC's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C.    That this Court, pursuant to 15 U.S.C. §687c enter the proposed Consent Order and (1) take exclusive jurisdiction of ECC and all of its assets, wherever located, (2) appoint SBA as receiver of ECC for the purpose of marshaling and liquidating the assets of ECC, satisfying the claims of creditors as determined by the Court; and (3) grant such other relief as contained in the Consent Order filed simultaneously herewith.

D.    That this Court grant such other relief it deems just and proper.

Respectfully submitted,

ROD J. ROSENSTEIN
UNITED STATES ATTORNEY


Dated: ___7/24/09_____    By: ___/s/_____
                                                    Ashley H. Hou
                                                    Special Assistant United States Attorney
                                                    Bar No. 26928
                                                    10 S. Howard Street, Suite 6220
                                                    Baltimore, MD 21201
                                                    Telephone: (410) 962-2474
                                                    Facsimile: (202) 481-2709
                                                    Email: ashley.hou@sba.gov



U.S. SMALL BUSINESS ADMINISTRATION


Dated: __ 7/24/09_____    By: ___/s/_____
                                                    Arlene M. Embrey, Esq.
                                                    Trial Attorney
                                                    U.S. Small Business Administration
                                                    409 Third Street, Seventh Floor
                                                    Washington, D.C. 20416
                                                    Telephone: (202) 205-6976
                                                    Facsimile: (202) 481-0324
                                                    Email: arlene.embrey@sba.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Complaint for Receivership and Consent Order made this ___24th___ day of July, 2009, by mailing a copy thereof by first class mail, postage prepaid to the following entities listed below:

ECC Partners, L.P.
Michael K. Wyatt, Esq.
Hogan & Hartson, LLP
555 Thirteenth Street, NW
Washington, DC 20004

                                                  /s/
                                          ASHLEY H. HOU